```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RONALD GIOVELLI,

                Plaintiff,              MEMORANDUM AND DECISION
                                        10-CV-298 (JS)(AKT)
        - against -

LA FITNESS, INC. d/b/a/ LA FITNESS
a/k/a LA FITNESS SPORTS CLUBS,
CHRISTINE TOTH, JOHN GIARDANO,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Anthony C. Donofrio, Esq.
                  Law Offices of Anthony C. Donofrio
                  5518 Merrick Road
                  Massapequa, NY 11758

For Defendants:   No Appearances.
```

SEYBERT, District Judge,

On January 25, 2010, Plaintiff Ronald Giovelli filed his Complaint. For the foregoing reasons, the Court now dismisses that Complaint sua sponte.

BACKGROUND

Plaintiff is a resident of Suffolk County, New York. (Compl. ¶ 1). Plaintiff alleges that Defendant LA Fitness is somehow, simultaneously, a New York corporation, a foreign corporation, a New York partnership, a New York sole proprietorship, and a California citizen. (Compl. ¶¶ 3-8).

Between November 2008 and May 2009, Plaintiff alleges that he worked at LA Fitness, apparently at its Farmingdale, New York location. (Compl. ¶¶ 2, 9). During this time, Plaintiff reported directly to Defendants Christine Toth and John Giardano.

Plaintiff alleges that Ms. Toth "inappropriately" signed up new members, without requiring the prospective clients to sign a membership agreement. (Compl. ¶¶ 24-26). Plaintiff further alleges that Ms. Toth stole commissions from other sales representatives. (Compl. ¶ 27). On May 16, 2009, Plaintiff alleges that he publicly complained about Ms. Toth's alleged inappropriate behavior. (Compl. ¶ 28). Plaintiff contends that, in response, Ms. Toth stated "that's the way things go," "I demand respect," and "I am your boss, don't question me." (Compl. ¶ 29). The next day, Mr. Giardano fired Plaintiff on the grounds that Plaintiff was not a "team player." (Compl. ¶¶ 32, 33). At all times, Plaintiff's performance was "average," and he was not fired for performance reasons. (Compl. ¶¶ 37, 38).

Based on the conduct described above, Plaintiff has filed suit claiming "Hostile Work Environment" and "Retaliation." Plaintiff does not indicate, however, whether he is suing under a federal statute, a state statute, or a state common law remedy. Plaintiff seeks $1 million in compensatory damages.

I. <u>Plaintiff's Claims are Dismissed as Frivolous</u>

As an initial matter, the Complaint does not set forth any purported grounds for jurisdiction. Thus, the Complaint fails Fed. R. Civ. P. 8(a)(1)'s requirement that it contain "a short and plain statement of the grounds for the court's jurisdiction." Similarly, it is entirely unclear whether Plaintiff purports to

assert federal or state causes of action, or whether his purported causes of action derive from a statute or the common law. Consequently, Plaintiff's Complaint also fails to comply with Fed. R. Civ. P. 8(a)(2), which requires Plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." And, given that Plaintiff is represented by counsel, the Court has no obligation to construe his Complaint liberally.

That being said, solely in an abundance of caution, the Court has attempted to decipher Plaintiff's claims. As best as the Court can figure, Plaintiff has attempted to assert either a Title VII claim, or some kind of state remedy for wrongful termination. Regardless of what Plaintiff intended to plead, his Complaint must be dismissed.

With respect to Plaintiff's theoretical Title VII claim, his cause of action fails because Title VII does not "prohibit all arbitrary employment practices." Dollinger v. State Ins. Fund, 44 F. Supp. 2d 467, 475 (N.D.N.Y. 1999). Rather, it only prohibits discrimination, harassment, or retaliation stemming from a plaintiff's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Here, Plaintiff does not allege any mistreatment stemming from his membership in a protected class. Instead, he contends that Defendants mistreated and then fired him for complaining about Ms. Toth signing up new clients without going through the proper procedures. Thus, no matter how unfair or

3

improper Plaintiff's termination was, he lacks any cause of action under Title VII.

Similarly, the Court is not aware of any New York statute or common law principle that would entitle Plaintiff to relief. Indeed, "it is not the province of the Court to sit as a super-human resources department; a company is legally entitled to make bad employment decisions." Lewis v. Two's Co., 06-CV-4775 2008 WL 6192169, *5 (S.D.N.Y. 2008). But even if, hypothetically, such a law exists, Plaintiff has failed to plead diversity jurisdiction, because the Complaint alleges that both Plaintiff and LA Fitness are New York citizens. (Compl. ¶¶ 1, 3, 5, 6, 7).

## II. Mr. Donofrio's Conduct

The Court is seriously concerned that an admitted attorney would file such a deficient Complaint. Before bringing another litigation in this district, the Court strongly encourages Plaintiff's counsel, Anthony C. Donofrio, to read the Federal Rules of Civil Procedure. In particular, the Court advises Mr. Donofrio to consult Rule 11, and the cases interpreting it. In this regard, the Court notes that Mr. Donofrio has previously been suspended. See Matter of Donofrio, 231 A.D.2d 365, 367, 661 N.Y.S.2d 206, 208 (1st Dep't 1997) (suspending him from the practice of law for one year, based on findings that he forged documents and made misrepresentations to an Administrative Law Judge); In re Donofrio, 254 A.D.2d 218, 681 N.Y.S.2d 749 (1st Dep't 1998) (reinstating

him).

## CONCLUSION

Plaintiff's Complaint is dismissed <u>sua sponte</u>. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

<u>         /s/          </u>
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       January 28, 2010